FILED
United States Court of Appeals
Tenth Circuit

November 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHARRON J. PARKER,

Plaintiff-Appellant,

v.

THE UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS,

Defendant-Appellee.

No. 10-3044
(D.C. No. 6:08-CV-01038-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

Sharron J. Parker, proceeding pro se, brought an action against the Unified

Government of Wyandotte County/Kansas City, Kansas (Unified Government)

alleging that her employer, the Board of Public Utilities, discriminated against her

and terminated her employment in violation of the Americans with Disabilities

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Act (ADA), 42 U.S.C. §§ 12101-12213. The district court granted Unified Government's motion for summary judgment, deciding that Ms. Parker had failed to timely exhaust her administrative remedies and therefore the court lacked jurisdiction over her ADA discrimination claim. In addition, the court decided that she did not demonstrate exceptional circumstances justifying equitable tolling. Ms. Parker appeals, arguing that (1) the district court erred in granting summary judgment because her exhaustion of remedies was timely; and (2) if this court remands for further proceedings, Unified Government must be required to provide materials previously withheld during discovery. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

We first consider Ms. Parker's argument that the district court erred in granting Unified Government's motion for summary judgment. In doing so, we review de novo. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). Summary judgment is proper if "there is no genuine issue as to any material fact and [Unified Government] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).[1] We review the record evidence and all reasonable

---

[1]     Effective December 1, 2010, Rule 56 will be amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. *See* Fed. R. Civ. P. 56(a) (eff. Dec. 1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

inferences therefrom in the light most favorable to Ms. Parker.  *See Jones*, 502 F.3d at 1183.

We have carefully considered the appellate briefs, record on appeal, and relevant legal authority in light of these standards, and we have liberally construed all of Ms. Parker's filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972).  After doing so, we conclude that the district court correctly granted Unified Government's motion for summary judgment.  We therefore affirm for substantially the same reasons set forth in the district court's memorandum and order of January 14, 2010.  *See* R. at 258-66.  Contrary to Ms. Parker's assertion, the denial of long-term disability benefits by an insurance provider, and not by Unified Government, was not part of a continuing violation justifying equitable tolling of her ADA claim.  *See generally Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-18 (2002) (distinguishing discrete acts from interconnected practices constituting continuing violation).  Because we affirm the district court, we need not address Ms. Parker's argument concerning discovery upon remand.

The judgment of the district court is AFFIRMED.  Ms. Parker's motion for leave to file a supplemental appendix is DENIED.[2]

Entered for the Court

Deanell R. Tacha
Circuit Judge

---

[2] The proposed supplemental appendix contains a combination of documents not presented in the district court and documents already included in the record.